The Court of Chancery delivered the following opinion: “ That, from the agreement of June, in the year one thousand seven hundred and ninety-five, between the defendant Alexander Wolcott, David Booth, for himself, and as attorney for several other people, and Austin Nichols of the one part, and Alexander Smyth of the other part, the defendant Alexander Wolcott and his associates, derived no right to the land in controversy; because the defendant Alexander Smyth had no such right, but it was in the Commonwealth until it should be regularly appropriated. That, in the Land-Office treasury-warrants, which authorised the surveying and laying off land for the plaintiff James Swan, the words, “this warrant is executed II. Smyth, S. R. C.” were a legal entry of the land in controversy, for the benefit of that plaintiff, and gave to him an equitable title against the Commonwealth, and every posterior claimant under it, in that identical land; and that the surveyor could not transfer that right, nor could the defendant Alexander Smyth, transfer it, except as to his own interest in one-sixth part of the said land, without authority from his constituents. The agreement between him and the plaintiff Alexander M’Rae, of September, in the year one thousand seven hundred and ninety-five, did not in terms confer that authority, nor is such authority implied in, nor doth it flow from, the nature of the agent’s office, as the defendant’s counsel 'insisted: And, therefore, the Court doth adjudge, order, and decree, that the defendant Alexander Wolcott, do assign to the plaintiff James Swan, all that defendant’s right and title in and to three hundred thousand acres of land, part of the six hundred and fifty thousand acres of land, certified to have been surveyed for him, and completed the seventeenth day of December, one thousand seven hun *263 dred and ninely-five, by the surveyor of Russell county; and that the defendant “William Price, or the Register of the Land Office for the time being, do make out in due form, the letters patent of the Commonwealth, to be presented to the Governor for signature, granting to the plaintiff James Swan, the said three hundred thousand acres of land, to be holden by him for the use of the persons entitled thereto, by the articles of agreement, between the plaintiff Alexander Id'Rde, of the one part, and the defendant Alexander Smyth, of the ether part, of the fourteenth day of September, in the year one thousand seven hundred and ninety-five.” That Court, therefore, appointed commissioners, “for laying off, with any surveyor or surveyors whom the plaintiffs shall think fit to employ, the said three hundred thousand acres of land, in the place in which they ought to have been laid off by virtue of the entry, for the plaintiff James Swan, if the defendant Alexander Smyth had not undertaken to transfer the eniry to the other defendant; and in such manner as to exclude, in calculating and casting up the contents of the area of the plat, all prior legal claims:” And decreed, “ that the plaintiff James Swan should, within two months from that date, release all his right and title in and to the lands entered for him in the county of Lee, by the defendant Smyth, ” From which decree, the defendant Wolcott prayed an appeal to this Court.
This Court made the following decree: “This day came the parties by their counsel, and the Court having maturely considered the transcript of the record and the arguments of the counsel, is of opinion, that so much of the decree aforesaid, as directs the appellant to assign to the appellee, James Swan, all the appellant’s right and title to the lands in the county of Russell, in the decree mentioned, before the appellees pay to the appellant the money advanced by him for Surveyor’s and Register’s fees on account of the said land, is erroneous: And that the said decree is also erroneous,, in not directing the appellees, on receiving the assignment aforesaid, to release and discharge Alexander Smyth, in the proceedings named, from all covenants and agreements on his part, contained in the articles entered into by him with the appellee, Alexander MS Rae, on the fourteenth of September, 1795, referred to in the decree, so far as the said articles relate to the quantity, title, soil, or description of the lands covenanted to be located and surveyed for the appellees, by the said *264 Alexander Smyth: But that there is no error in the res¡¿[ue 0f t}le sa¡d decree. Therefore, it is decreed and ordered, that so much of the said decree, as is herein stated j-0 ]-,e err0neous, he reversed and annulled: That an account be taken of the money advanced by the appellant and Alexander Smyth, or either of them, for Surveyor’s and Register’s fees; and that, on payment thereof, with interest, the appellant assign, to the appellee James Swan, all the appellant’s right and title in and to the three hundred thousand acres of land, part of the six hundred and fifty thousand acres of land, certified to have been surveyed for him, and completed the .seventeenth day of December, 1795, by the Surveyor of Russell county: And that after such assignment shall have been duly made, and approved by the Court of Chancery, that the appellees release to Alexander Smyth all actions and suits, and fully discharge him from all his covenants contained in the agreement, made between him and the appellee Alexander M’Rae, on the fourteenth of September, 1795, before mentioned, so far as the articles relate to the quantity, title, soil, or description of the lands covenanted to be located and surveyed for the appellees, by the said Alexander Smyth, within such time as the Court of Chancery shall direct: And that the same time be allowed the appellee James Swan, to release his right and title to the lands in the county of Lee, according to the decree of the said Court of Chancery: That the residue of the said decree be affirmed; and that the appellees pay to the appellant his costs by him expended in the prosecution of his appeal aforesaid here.”